GARRISON BROS. STATE BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43175. Promulgated February 29, 1932.

*R. G. Wright, Esq.*, and *C. L. Stone, C. P. A.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

### OPINION.

MATTHEWS: Petitioner operated a bank at Sumas, Washington. Its banking business was taken over and continued by a new corporation known as the Bank of Sumas. The record indicates that enough assets of petitioner were transferred to the Bank of Sumas to equal the deposit liabilities which it assumed, but we do not know the terms of the agreement whereby these assets were acquired by the Bank of Sumas.

The memorandum of agreement between certain individuals interested in organizing the new corporation, which is quoted in part in our findings of fact, refers to a $10,000 surplus to be paid to the petitioner for good will. Petitioner contends that the agreement was not carried out in accordance with this memorandum in that the $10,000 which grew out of the sale of the capital stock of the Bank of Sumas at $160 per share was paid over to Loomis and Brygger, who owned all the stock of the petitioner, and was not received by the petitioner. It has been shown that Loomis was instrumental in organizing the Bank of Sumas and that Brygger, as an officer of the Marine National Bank, rendered financial assistance. Petitioner's position is that the profit arising from the transaction was a promotion profit earned by Loomis, the active promotor, and the Marine National Bank, which aided in the financing thereof, and that the $10,000 in question did not represent income to the petitioner corporation. We do not find in the record facts sufficient to support this position. The Bank of Sumas continued, without interruption, the operation of the business which had been conducted by the petitioner. The only evidence contained in the record with respect to the consideration for the sale of the petitioner's banking business to the Bank of Sumas is the statement in the revenue agent's report that the consideration was $40,000. The respondent has determined that the petitioner derived a profit of $10,000 less $1,386, which latter amount represents the loss to the petitioner resulting from the sale of its banking house and furniture and fixtures at a price lower than the depreciated costs of these properties.

. The determination of the respondent is *prima facie* correct. The burden is upon the petitioner to prove that the respondent erred in determining the deficiency involved herein. The petitioner has failed to show error and the determination of the respondent is sustained.

*Judgment will be entered for the respondent.*